UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LYNN S. BANKS, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 21-15046 (RBK) (MJS) |
| | : | |
| v. | : | |
| | : | |
| OFC. GRISOM, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |
| | : | |

**ROBERT B. KUGLER, U.S.D.J.**

I.     INTRODUCTION

Plaintiff, Lynn S. Banks ("Plaintiff" or "Banks"), is a pretrial detainee currently housed at the Salem County Correctional Facility ("SCCF"). He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983. (*See* ECF 1). Additionally, Plaintiff has filed a motion for the appointment of pro bono counsel. (*See* ECF 7).

This Court must screen the allegations of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether they are frivolous or malicious, fail to state a claim upon which relief may be granted, or whether the allegations seek monetary relief from a defendant who is immune from suit. For the following reasons, the majority of Plaintiff's complaint is dismissed without prejudice except for Plaintiff's federal claims against the SCCF which are dismissed with prejudice for failure to state a claim upon which relief may be granted. Plaintiff's motion for the appointment of pro bono counsel is also denied without prejudice.

II.     BACKGROUND

The allegations of the complaint are construed as true for purposes of this screening opinion. Plaintiff names the following as Defendants in this case:

1. Ofc. Grisom
2. Nurse Janine
3. Head Nurse Woodside
4. Nurse Becky
5. SCCF

Plaintiff alleges that Defendant Grisom uttered a racial slur against him, called him dumb and told Plaintiff he was going to get life imprisonment. (*See* ECF 1 at 5).

Next, Plaintiff states he requested to see a doctor for his prostate as well as pain in his back, arms and legs. (*see id.*). However, Plaintiff claims Defendants Janine and Woodside have denied him access to see a doctor for nine months. (*See id.*). Plaintiff explains Defendants Janine and Woodside's denials have caused him pain and caused his conditions to worsen.

Plaintiff also alleges Defendant Becky tried to give him a psych medication that he was not prescribed. He further claims in a more general fashion that he was also prescribed medication without a medical exam. (*See id.*).

Plaintiff next recites various COVID related concerns he has associated with his current detainment at SCCF. (*See* ECF 1-1 ag 1-3). First, Plaintiff complains that the ventilation system SCCF is interconnected such that COVID can pass between inmate cells. (*See id.* at 1). Furthermore, Plaintiff states at times guards to not wear masks and that because they leave SCCF and then return, they present a risk of bringing COVID into SCCF. (*See id.*) Guards also work in different areas of the jail during shifts, which further increases the likelihood of COVID transmission according to Plaintiff. (*See id.* at 4). Plaintiff further notes that the clothing, bedding and towel detainees receive while housed at SCCF is used and that the detergent SCCF uses is cheap which increases the risk of COVID transmission. (*See id*. at 1). Plaintiff further complains that while the recreation areas are sanitized, cells are not regularly sanitized even when inmates switch cells. He states inmates should be provided masks to wear in hallways and other rooms.

When they are provided masks, they are of questionable quality. (*See id.* at 4). Plaintiff claims SCCF's administration is aware of the COVID pandemic and while they have implemented some measures to combat the spread of the virus, the measures are insufficient.

Next, Plaintiff complains about the lack of contact he has been provided to the outside world while housed at SCCF. For example, Plaintiff complains about SCCF only having eight phones for seventy inmates as well as having only two visit booths. (*See id.* at 5). Plaintiff further challenges SCCF's policy of screening incoming and outgoing mail. (*See id.*).

Plaintiff also complains about the lack of daily access to the law library and the fact that there is insufficient computer access in the inmate unit. (*See id.*).

Finally, Plaintiff states SCCF violates an inmate's right to practice his religion freely. More specifically, he claims religious meetings such as masses are not allowed due to the COVID pandemic. Additionally, when inmates pray in their cells on a carpet, they face difficulties from correctional officers who tell these inmates they are not supposed to have anything on the floor. (*See id.*).

Plaintiff seeks monetary relief as damages as well as requests home confinement due to his COVID related concerns.

### III.     LEGAL STANDARD

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis. See* 28 U.S.C. § 1915(e)(2)(B). The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

In this case, Plaintiff is seeking redress under 42 U.S.C. § 1983. A plaintiff may have a cause of action under § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the

> District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

**IV.   DISCUSSION**

  A.  Federal Claims Against SCCF

Plaintiff names SCCF as a Defendant. Plaintiff cannot pursue a § 1983 claim against SCCF because a county jail is not a "person" subject to suit under § 1983. *See, e.g.*, *Coleman v. Corizon Med.*, No. 18-4611, 2019 WL 5704501, at *3 (D.N.J. Nov. 5, 2019); *Walker v. Cty. of Gloucester*, No. 15-7073, 2018 WL 1064210, at *3 (D.N.J. Feb. 27, 2018) (collecting cases); *see also Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013). Thus, Plaintiff's federal claims against SCCF are dismissed with prejudice for failure to state a claim upon which relief may be granted.

  B.  Federal Claims Against Grisom

Plaintiff next sues Grisom for using a racial slur against Plaintiff and calling him names. Plaintiff states this caused him mental and emotional distress. Threats and verbal harassment are certainly deplorable. However, they alone are insufficient to state a claim for relief under § 1983.

5

*See Stepney v. Gilliard*, No. 02–5259, 2005 WL 3338370, at *6 (D.N.J. Dec. 8, 2005) ("[V]erbal harassment or profanity alone, unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem, does not constitute the violation of any federally protected right and therefore is not actionable under [Section] 1983."). Additionally, the PLRA requires a prisoner to "demonstrate physical injury before he can recover for mental or emotional injury." *See Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003); *see also* 42 U.S.C. § 1997e(e). Given that Plaintiff alleges verbal harassment that has caused him only mental/emotional injuries, Plaintiff's federal claims against Grisom are dismissed without prejudice for failure to state a claim upon which relief may be granted.

C. <u>Federal Claims Against Janine and Woodside</u>

Plaintiff next claims Nurses Janine and Woodside violated his constitutional rights because they denied him from seeing a doctor for his prostate as well as for pain he was experiencing in his back, legs and arm. Plaintiff's claim for deliberate indifference to his serious medical needs is analyzed under the Fourteenth Amendment as Plaintiff is a pretrial detainee as opposed to the Eighth Amendment. *See Tapp v. Brazill*, 645 F. App'x 141, 145 n.4 (3d Cir. 2016). Nevertheless, the Eighth Amendment's "deliberate indifference" standard provides a guide to what, at a minimum, is owed to pretrial detainees. *See id.* (citing *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003)).

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility,* 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)). We have found deliberate indifference where a prison

6

> official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse,* 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble,* 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins,* 520 F. App'x 64, 66 (3d Cir. 2013). Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent,* 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard,* 492 F. App'x 230, 236 (3d Cir. 2012) (*quoting Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 347 (3d Cir. 1987))).

Plaintiff fails to state a deliberate indifference to his serious medical needs claim against Defendants Janine and Woodside. At most, Plaintiff's allegations against Janine and Woodside, sparse as they may be, amount only to possible negligence on their part. Indeed, Plaintiff does not indicate that Janine and/or Woodside failed to examine Plaintiff for his complaints. Instead, he argues they are liable for not referring him to see a doctor. In and of itself, without more, such allegations are insufficient to state a deliberate indifference claim. *See White v. Williams*, No. 12-1892, 2016 WL 1237712, at *12 (N.D.N.Y. Jan. 11, 2016), *report and recommendation adopted*, 2016 WL 1239263 (N.D.N.Y. Mar. 29, 2016) (plaintiff's belief that prison nurse should have

7

referred him to a doctor to treat injuries sustained in an attack "amounts to a dispute over the appropriate treatment, and does not state an Eighth Amendment claim"); *Jackson v. Kaufman*, No. 13-6544, 2015 WL 5521432, at *11 (S.D.N.Y. Sept. 18, 2015) ("Plaintiff's apparent argument that he was entitled to examination and treatment by a physician, rather than by nurses is unsupported by any legal authority."); *Sereika v. Patel*, 411 F. Supp. 2d 397, 407 (S.D.N.Y. 2006) (allegations that plaintiff was examined by physicians assistants rather than a doctor did not state a claim for deliberate indifference). Accordingly, Plaintiff's federal claims against Defendants Janine and Woodside are dismissed without prejudice for failure to state a claim upon which relief may be granted.

D. Federal Claims Against Nurse Becky

Next, while not named as a Defendant in the caption of his complaint, Plaintiff may also be attempting to sue Nurse Becky. As noted above, Defendant Becky purportedly tried to give Plaintiff a psychological medication for which he was not prescribed. Allegations of mere negligence or medical malpractice are insufficient to show that a defendant was deliberately indifferent to a Plaintiff's serious medical needs. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). Plaintiff's allegations against Defendant Becky are more akin to malpractice/negligence, rather than stating a claim against her for deliberate indifference to Plaintiff's serious medical needs. *See Boone v. Grant*, No. 19-97, 2019 WL 2442317, at *3 (W.D. Mich. June 12, 2019) ("The fact that Grant gave Plaintiff the wrong medication on one occasion is not sufficient to show deliberate indifference to Plaintiff's health or safety) *Horn v. Tuscola Cnty.*, No. 13-14626, 2017 WL 1130095, at *2 (E.D. Mich. Mar. 27, 2017) ("At most, giving plaintiff the incorrect medication amounts to negligence."); *see also Andreasik v. Danberg,* No. 12–206, 2012 WL 3150527, at *3 (D. Del. Aug.1, 2012) ("[T]he complaint alleges that plaintiff received

an improper dose of medication. The allegations fall under the aegis of a medical malpractice/negligence claim, rather than deliberate indifference."). Therefore, Plaintiff's federal claims against Defendant Becky are also dismissed without prejudice for failure to state a claim upon which relief may be granted.

    E.  <u>Remaining Federal Claims</u>

As outlined in *supra* Part II, Plaintiff also attempts to bring claims related to: (1) the risks he has had to endure while housed at SCCF related to COVID; (2) limitations on his right to communicate outside of SCCF via the phone and mail; (3) lack access to the law library; and (4) the inability to practice religion freely while housed at SCCF.

"A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.* "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.*; see also Baker v. Monroe Twp., 50 F.3d 1186, 1190–91 (3d Cir. 1995) (a plaintiff "must show that a policymaker for the [municipality] authorized policies that led to the violations or permitted practices that were so permanent and well settled as to establish acquiescence." (citation omitted)).

Assuming without deciding that some or all of Plaintiff's allegations outlined above in this subsection may give rise to a federal constitutional claim, Plaintiff fails to state with any particularity how any of the four individually named Defendants were personally involved in any these purported constitutional violations. Accordingly, to the extent Plaintiff is seeking to raise federal claims related to these allegations, he fails to state a claim against the four individually

9

named Defendants because he does not allege their personal involvement with the appropriate particularity. Thus, these claims too are dismissed without prejudice for failure to state a claim.

F. State Law Claims

Plaintiff may also be attempting to bring state law claims against all five named Defendants. As noted above, this Court has dismissed all of Plaintiff's federal claims against the five Defendants. When a court dismisses all claims over which it had original federal question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). As Plaintiff's federal claims have been dismissed at this early screening stage for failure to state a claim upon which relief may be granted, this Court will exercise its discretion to decline supplemental jurisdiction over any related state law claims.

G. Motion to Appoint Pro Bono Counsel

Plaintiff has filed a motion requesting the appointment of pro bono counsel. (*See* ECF 7). A district court may appoint counsel to represent an indigent civil litigant under 28 U.S.C. § 1915(d), although such litigants do not have a right to appointed counsel. *See Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). In determining whether to grant a request for appointment of counsel, courts should begin by determining that the Plaintiff's claim has arguable merit in fact and law. *Id.* at 155. Plaintiff has failed to state a federal claim upon which relief may be granted in his complaint and this Court has declined supplemental jurisdiction. Therefore, he has not presented a claim of arguable merit in law at this time. Thus, the Court will deny Plaintiff's motion for appointment of counsel without prejudice.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's federal claims against SCCF are dismissed with prejudice for failure to state a claim upon which relief may be granted. Plaintiff's federal claims against the remaining Defendants are dismissed without prejudice for failure to state a claim upon which relief may be granted. This Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Accordingly, the complaint is dismissed without prejudice. Plaintiff shall have a short period of time in which to file a proposed amended complaint that corrects the deficiencies of his original complaint as outlined in this opinion should he elect to do so. Plaintiff's motion for the appointment of pro bono counsel is denied without prejudice. An appropriate order will be entered.

DATED: July 21, 2022

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge